**SIGNED THIS: August 31, 2006**

_____
**THOMAS L. PERKINS**
**UNITED STATES CHIEF BANKRUPTCY JUDGE**
_____

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| FRANCIS R. FRIEDRICH and | ) | No.  05-86903 |
| MICHAEL W. FRIEDRICH, | ) | |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| GARY T. RAFOOL, Trustee in Bankruptcy | ) | |
| for the Estate of Francis & Michael Friedrich, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adv. No.  06-8083 |
| | ) | |
| MICHAEL W. FRIEDRICH, | ) | |
| | ) | |
| Defendant. | ) | |

### O P I N I O N

When Michael W. Friedrich (DEBTOR) filed for Chapter 7 relief on October 14, 2005,

he held a claim against a decedent's estate and/or the estate's executor in Tazewell County

Case No. 03-P-680.  The claim was not disclosed on Schedule B.  The DEBTOR received a discharge on February 24, 2006, with no objections to discharge having been asserted under Section 727(a).

The DEBTOR was represented by counsel in the probate case.  In exchange for a release, the executor's attorney mailed a settlement check to the DEBTOR'S attorney by letter of December 29, 2005.  The check, in the amount of $49,500, was payable to the DEBTOR, Linda Love, the DEBTOR'S sister and co-claimant, and their attorney.  After deduction of $7,000 for attorney fees, the DEBTOR and Linda Love were entitled to receive $21,250 each.

Subsequently, the DEBTOR advised his bankruptcy attorney, Richard Williams, about the estate claim and Attorney Williams advised the Trustee, Gary T. Rafool (TRUSTEE).  The TRUSTEE then filed a Complaint on March 16, 2006, seeking revocation of the discharge under Section 727(d)(2).  On or about March 28, 2006, the DEBTOR'S probate attorney mailed a check payable to "Mike Friedrich" in the amount of $21,250 to Attorney Williams who immediately forwarded the check to the TRUSTEE.  It is not disputed that the DEBTOR never had possession of the funds and cooperated with the transfer of the funds to the TRUSTEE.

The DEBTOR failed to appear for trial on August 29, 2006.  The TRUSTEE excused his nonappearance and attempted to prove up his case by submitting documents that establish the facts as recited above.  Although the Complaint was brought only under Section 727(d)(2), at trial, the TRUSTEE argued for the alternative application of Section

2

727(d)(1) without objection by the DEBTOR.  Under Section 727(d)(1) and (2), a discharge

shall be revoked if:

> (1)    such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge;

> (2)    the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee.

11 U.S.C. § 727 (d)(1) and (2).

A party seeking revocation of discharge under Section 727(d) bears the burden of

proving its case by a preponderance of the evidence.  *In re Rivera,* 338 B.R. 318

(Bankr.N.D.Ohio 2006).  In order to establish a claim under Section 727(d)(2), the TRUSTEE

must prove (1) the acquisition of property that becomes property of the estate, and (2) the

knowing and fraudulent failure to either report the acquisition or deliver the property to

the trustee.  *In re Schoemperlen,* 332 B.R. 179, 181 (Bankr.C.D.Ill. 2005).

The evidence supports the conclusion that the DEBTOR was never personally in

possession of the settlement funds and that he caused or authorized his attorneys to

transfer the funds to the TRUSTEE.  Although there was approximately a two-month delay

between settlement of the probate claim and the time that Attorney Williams told the

TRUSTEE about it, there was no testimony as to the cause for the delay.  Specifically, there

was no evidence introduced that the DEBTOR either caused the delay or had any

fraudulent intent.  Lacking such evidence, the TRUSTEE has failed to carry his burden.

In order to establish a claim under Section 727(d)(1), the TRUSTEE must prove (1)

that the DEBTOR procured his discharge by fraud and (2) that the TRUSTEE was unaware

of the fraud prior to the discharge. *In re Spears,* 291 B.R. 825, 828 (Bankr.C.D.Ill. 2003). The TRUSTEE must prove that the DEBTOR acted with a knowing intent to defraud. *Matter of Yonikus,* 974 F.2d 901, 905 (7th Cir. 1992).

As noted above, the DEBTOR did not testify at trial and there was no direct evidence of a fraudulent intent on his part. Although the Court is permitted to infer the requisite intent from the surrounding circumstances, the evidence is too slim to allow such an inference here. There was no evidence of the circumstances attending the DEBTOR'S completion of the schedules or of the extent of his knowledge and understanding of or participation in the probate case. Further, the TRUSTEE acknowledged that the subject of the probate claim never came up at the first meeting of creditors and that there was no false testimony by the DEBTOR. In the Court's view, circumstantial evidence of a knowing intent to defraud is absent.

For these reasons, the Court determines that the TRUSTEE has failed to carry his burden of proof under Section 727(d)(1) and (2). The discharge will not be revoked. This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate Order will be entered.

### ###